ORDERED.

Dated: July 20, 2022

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                Case No. 2:22-bk-00191-FMD
                                                                      Chapter 7
Jerome R. Weber,

      Debtor.
_____/

**ORDER OVERRULING TRUSTEE'S
OBJECTION TO CLAIM OF EXEMPTION**

THIS CASE came before the Court for hearing on June 30, 2022, to consider the

*Trustee's Objection to Claim of Exemption* (the "Objection"),[1] and Debtor's Response.[2]

For the reasons explained in this Order, the Court overrules the Objection and allows

---

[1] Doc. No. 15.
[2] Doc. No. 16.

Debtor's claimed exemption of a portion of his 2021 tax refund as a social security benefit under 42 U.S.C. § 407.

I.     **RELEVANT FACTS**

On February 24, 2022, Jerome R. Weber ("Debtor") filed a Chapter 7 bankruptcy petition. On his schedule of income filed with the petition, Debtor stated that he receives $1,787.00 per month as social security income and $378.00 per month as wages from his employment.[3] After the petition date, Debtor received an income tax refund of $5,536.00 for the 2021 tax year.

On his amended schedule of exemptions, Debtor claimed $3,751.00 of the total refund as an exempt social security benefit.[4] Generally, Debtor asserts that he "over deposited from his social security funds an estimated tax deposit,"[5] that the Internal Revenue Service returned the overpayment to him as a tax refund, and that the returned overpayment is exempt because it is traceable to his social security benefit. Therefore, Debtor claims the refund as exempt under 42 U.S.C. § 407.

In the Objection, the Trustee asserts that "once withheld as a tax, social security benefits lose their character as exempt funds."[6] The Trustee contends that the Internal Revenue Code characterizes the refund as a tax because the money was collected as

---

[3] Doc. No. 1, pp. 30-31.
[4] Doc. No. 12, p. 5. Debtor claimed the balance of the total refund as exempt under Fla. Stat. § 222.25.
[5] Doc. No. 16, ¶ 3.
[6] Doc. No. 15, ¶ 6.

2

a payment against a tax liability, even if it was originally withheld from social security benefits. The Trustee's Objection relies primarily on 26 U.S.C. § 3402(p) and the bankruptcy court's decision in *In re Crutch*.[7]

## II. DISCUSSION

Under 42 U.S.C. § 407, social security benefits are not subject to execution, levy, attachment, garnishment, or other legal process, and no other provision of law may limit or modify the exemption from execution except by express reference to the statute.[8]

Under 26 U.S.C. § 3402(p), if a person requests that a specified Federal payment—such as social security benefits—be subject to withholding for income taxes, the payment is treated "as if it were a payment of wages by an employer to an employee."[9] In *In re Crutch*, the bankruptcy court held that payments withheld from social security benefits under 26 U.S.C. § 3402(p) lost their exempt status because payment of social security benefits is "considered equivalent to payment of 'wages.'"[10]

However, this Court finds the bankruptcy court's analysis in *In re Spolarich*[11] to be more persuasive. In *Spolarich*, the debtor elected to have funds withheld from

---

[7] 565 B.R. 36 (Bankr. E.D.N.Y. 2017).
[8] 42 U.S.C. § 407(a), (b).
[9] 26 U.S.C. § 3402(p)(1)(A).
[10] *In re Crutch*, 565 B.R. at 41-42.
[11] 2009 WL 10267351 (Bankr. N.D. Ind. Sept. 30, 2009).

3

her social security payments, the funds were returned to her as a tax refund, and the trustee in her Chapter 7 case requested turnover of the refund. The issue was whether the debtor's social security payments lost the protection of 42 U.S.C. § 407 after they were withheld under 26 U.S.C. § 3402(p) and returned by the IRS as a tax refund.[12]

The bankruptcy court, in reconciling the operation of 42 U.S.C. § 407 and 26 U.S.C. § 3402(p), first noted that the "protection provided to Social Security benefits by 42 U.S.C. § 407(a) is exceptionally expansive" and only subject to modification by express statute.[13] "The obvious purpose of 42 U.S.C. § 407 is to insulate these benefits from the claims of creditors."[14]

The court then determined that a social security recipient's request to have funds withheld from social security benefits under 26 U.S.C. § 3402(p) is limited to the specific purposes of the Internal Revenue Code.[15] Under the statute, the treatment of Federal payments subject to a withholding request is specifically "for purposes of this chapter [of the Internal Revenue Code] and so much of subtitle F [which provides for the collection of federal taxes] as relates to this chapter."[16] Therefore, by making the request, a social security recipient consents only to subjecting the money to the payment *of his tax liabilities*, not to the payment of any other claims.

---

[12] *In re Spolarich*, 2009 WL 10267351, at *1.
[13] *Id.* at *2.
[14] *Id.* at *4 (citing *Mason v. Sybinski*, 280 F.3d 788 (7th Cir. 2002)).
[15] *Id.* at *2-3.
[16] 26 U.S.C. § 3402(p)(1)(A).

> [B]y the clear language of 26 U.S.C. § 3402(p)(1), the election to withhold [funds from social security payments] benefits only the Internal Revenue Service, and does not constitute a general waiver of the protections of § 407(a) with respect to Social Security benefits *vis-à-vis* other entities.[17]

In other words, social security benefits are protected under 42 U.S.C. § 407 from the claims of the debtor's general creditors—such as those served by a Chapter 7 trustee—and a debtor's request that payments be withheld from his social security benefits *for his tax debts* does not affect the protection from other creditors provided by the statute. Therefore, the *Spolarich* court held that the debtor's tax refund had not lost its character as a social security payment and was protected by 42 U.S.C. § 407.

Here, as in *Spolarich*, it is undisputed that Debtor receives monthly social security benefits, that Debtor caused a portion of the benefits to be withheld for payment of a tax liability, that the withholding resulted in an overpayment, and that Debtor received a refund of the overpayment. Because Debtor's election to withhold funds for tax purposes does not affect the protection from general creditors provided by 42 U.S.C. § 407, the Court rules that Debtor may claim the refund as exempt in his bankruptcy case to the extent that it is traceable to his social security benefits.

---

[17] *In re Spolarich*, 2009 WL 10267351, at *3.

Accordingly, it is

**ORDERED** that the *Trustee's Objection to Claim of Exemption* (Doc. No. 15) is **OVERRULED**, and Debtor's claimed exemption for $3,751.00 of his 2021 tax refund is **ALLOWED** under 42 U.S.C. § 407.

Trustee Luis E. Rivera is directed to serve a copy of this Order on interested parties who are not CM/ECF users and to file a proof of service within three days of the date of this Order.